Filed 11/25/15  R.P. v. Superior Court CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| R.P. et al.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES et al.,<br><br>    Real Parties in Interest. | B268111<br><br>(Los Angeles County Super. Ct. No. CK58667) |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Anthony Trendacosta, Judge.  Petition granted.

Roberto Flores; Quinn Emanuel Urquhard & Sullivan, Lori Alvino McGill, for Petitioner.

No appearance by Respondent.

Mary C. Wickham, Interim County Counsel, Kim Nemoy, Principle Deputy County Counsel, for Real Party in Interest Los Angeles County Department of Children and Family Services.

Children's Law Center of Los Angeles-CLC 1 and Jennifer M. McCartney for Real Party in Interest Minor Alexandria P.

_____

On November 12, 2015, this court filed its notice of intent to treat de facto parents' petition for writ of supersedeas as a petition for writ of mandate in the first instance, commanding the dependency court to vacate its placement order dated November 3, 2015, and remanding the cause with direction to apply the burden of proof articulated in *In re Alexandria P.* (2014) 228 Cal.App.4th 1322, 1354 (*Alexandria P.*). This court has received and considered letter briefs from the parties.  We now issue the writ in the first instance.

When the issue of placement was first addressed by the dependency court in its decision filed December 9, 2013, it concluded, "In this case, the [de facto parents] were unable to meet their burden by clear and convincing evidence, that either the child currently had extreme psychological or emotional problems or would definitely have them in the future."  On appeal, this court held that the dependency court erred only in its characterization of the burden on the de facto parents, and that the correct burden was proof "by clear and convincing evidence that there is a significant risk that a child will suffer serious harm as a result of a change in placement." (*Alexandria P.*, *supra*, 228 Cal.App.4th at p. 1354.)  We remanded the matter to the dependency court with directions to determine if good cause existed to deviate from the Indian Child Welfare Act's adoptive placement preferences. (*Alexandria P., supra,* at p. 1357; 25 U.S.C. § 1915.)

As contemplated by our opinion, upon remand the dependency court considered additional evidence and arguments before rendering its decision.  In its written decision, the court described the burden on the de facto parents in language that is identical, word-for-word, to the language we disapproved as an incorrect statement of law in the prior appeal.

The parties have presented differing views in their letter briefs on whether the dependency court applied the standard mandated by *Alexandria P*. Because of the lack of clarity on this issue and the emergent circumstances described in our November 12, 2015 notice, we conclude a peremptory writ should issue in the first instance on the basis that this is the "exceptional case" in which "'there is an unusual urgency requiring acceleration of the normal process.'" (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1223, disapproved of on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4, quoting *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35.)

We reach this determination based on the following factors. The written order of the dependency court, whether intentionally or through inadvertence, repeats the burden of proof rejected by this court in *Alexandria P*. Taking into consideration the nature of the error, the already lengthy dependency in this case, and the need for a prompt and permanent resolution of the issue of placement, we direct the court to vacate its November 3, 2015 order, and enter a new placement order based on application of the burden of proof set forth in *Alexandria P*., *supra*, 228 Cal.App.4th at page 1354.

The dependency court is directed to resolve the issue of placement in an expeditious fashion. The child in this case is entitled to a prompt resolution of the issue of placement. Absent extraordinary circumstances, the dependency court is directed to resolve the issue of placement within 30 days of issuance of the remittitur. Due to the change in dependency bench officers presiding over this case, the Presiding Judge of the Juvenile Court of Los Angeles County is directed to ensure that a judicial officer is promptly assigned to resolve the placement issue within the time frame set forth in this opinion. Absent a determination of good cause in the discretion of the dependency court, the court is not obligated to consider additional evidence on the issue of placement. (Cf. *People v. Collins* (2010) 49 Cal.4th 175, 256-257 [judge who did not preside over penalty phase of capital case may review the trial record and rule on automatic motion for modification of a verdict of death].)

3

Issuance of the writ of mandate in the first instance *is not intended to suggest how the dependency court should resolve the issue of placement at a new hearing.* The stay previously imposed in this case is vacated. The issue of whether the pending appeal is moot will be addressed by separate order of this court.

## DISPOSITION

Let a peremptory writ of mandate issue, directing respondent court to vacate its placement order dated November 3, 2015. In the absence of extraordinary circumstances, respondent court is to issue a new placement order within 30 days of issuance of the remittitur applying the test set forth in *In re Alexandria P.* (2014) 228 Cal.App.4th 1322, 1354. The Presiding Judge of the Juvenile Court of Los Angeles County is directed to ensure that this case is promptly assigned to a judicial officer for resolution within the time frame set forth herein.

KRIEGLER, J.

We concur:

TURNER, P.J.

MOSK, J.

4